in settlement, or to have the prescribed funeral benefits at any time the body of the deceased is returned for burial to the territory served by the burial association. True this last Act was ratified subsequent to the issuance of the certificate of membership to plaintiff's intestate, but the certificate sued on, as well as the general statute in force at the time, G. S., 58-226, contained the express provision that the rules and by-laws of the Association might be modified by Act of the General Assembly. Hence the plaintiff's intestate must be held to have accepted the certificate of membership with notice that its provisions could be "modified, canceled, or abridged" by legislative enactment. Under these circumstances this Act of the General Assembly would not be considered offensive to the constitutional provision against the passage of a law which impairs the obligation of a contract. Cons. United States, Art. I, sec. 10; *Faulk v. Mystic Circle,* 171 N. C., 301, 88 S. E., 431; *Helmholz v. Horst,* 294 F., 417. The constitutional prohibition is qualified by the measure of control which the state retains over remedial processes. *Home Building & Loan Asso. v. Blaisdell,* 290 U. S., 432 (434).

The laws in force at the time of the execution of the contract become a part of the convention. This embraces those which affect its validity, construction, discharge and enforcement. *Bateman v. Sterrett,* 201 N. C., 59, 159 S. E., 14. The modification imposed by the Act of the General Assembly is within the scope of the plan and purpose of the Association, and is not unreasonable. *Strauss v. Life Association,* 126 N. C., 971, 36 S. E., 352; *Wilson v. Heptasophs,* 174 N. C., 628, 94 S. E., 443. The deceased was buried in Guadalcanal by the Federal authorities. In the event his body should be returned to the territory served by defendant, the obligation to render prescribed funeral and burial service still subsists.

We conclude that the judgment that plaintiff's administrator recover of defendant $100 is not warranted by the facts agreed, and that the rights of the parties in the premises are governed by G. S., 58-241.1.

Reversed.

---

HARTFORD ACCIDENT AND INDEMNITY COMPANY v. GURNEY P. HOOD, COMMISSIONER OF BANKS, AND THEREFORE STATUTORY RECEIVER, BANK OF BLACK MOUNTAIN.

(Filed 2 May, 1945.)

**Appeal and Error § 31c—**

Where appellant is not required to docket his appeal, from an order granting a motion for a change of venue, until the Fall Term of this Court, and appellee files at the Spring Term, a motion to docket and

dismiss on the ground that the appeal on the face of the record is frivolous and only for delay, which appellant controverts, motion of appellee denied without expressing any opinion on the merits of the appeal.

APPEAL by plaintiff from *Johnson, Jr., Special Judge,* at February Term, 1945, of WAKE.

This action was instituted in the Superior Court of Wake County to determine the liability of the plaintiff on certain surety bonds executed for and on behalf of the Bank of Black Mountain, indemnifying said bank against loss under circumstances and conditions set forth in said bonds.

The defendant made a motion for change of venue and to remove to Buncombe County, N. C., as a matter of right and also in the exercise of the court's discretion for the convenience of witnesses and the promotion of justice. Motion granted and plaintiff appealed to the Supreme Court.

Since the appellant is not required to docket its appeal until the Fall Term of this Court, the appellee has filed a motion to docket and dismiss the appeal for the reason he contends, that it appears upon the face of the record that the appeal is obviously frivolous and appears to have been taken only for the purpose of delay.

In reply to the motion to docket and dismiss the appeal, the appellant denies that it is seeking a review of a discretionary order. It contends that it appears conclusively from the record that there are no issues of fact presently raised and therefore an order for removal for the "convenience of witnesses," when there are no witnesses to be convenienced, is premature. That if issues of fact are raised when answer is filed, which will necessitate a jury trial and the attendance of witnesses, then and not until then will it be proper to make a motion for removal for convenience of witnesses. Furthermore, it is contended that since only questions of law are presently raised, the order of removal cannot be sustained as a matter of law.

*A. J. Fletcher and J. C. B. Ehringhaus for plaintiff.*
*R. R. Williams for defendant.*

PER CURIAM. We express no opinion on the merits of the appeal, other than to say we think the appellant is entitled to a hearing thereon.

Motion denied.